LaVon William AUSTIN, #68687, Petitioner,

v.

Hon. R. L. HERT, Judge of the District Court of Payne County, State of Oklahoma, Respondents.

No. A–13651.

Court of Criminal Appeals of Oklahoma.

Aug. 6, 1965.

BUSSEY, Presiding Judge.

On the 15th day of March, 1965, petitioner herein filed an original proceedings for Writ of Mandamus, seeking casemade at public expense and permission to file appeal out of time, alleging that he was denied his constitutional right to appeal by the officials at Oklahoma State Penitentiary, the District Court of Payne County, and his own court-appointed counsel.

According to the record now before this Court, judgment and sentence was rendered on November 24, 1964. A motion for new trial was filed, heard and overruled on November 25, 1964. Notice of intent to appeal was given, and the trial court granted 45–5–3 days to make, serve, and settle casemade. At this time, request was made by the court appointed counsel to withdraw, and same was granted. Nothing further was filed by said counsel on behalf of petitioner.

Petitioner alleges he placed his application for casemade at public expense directed to the District Court of Payne County in the penitentiary post office to be notarized and mailed, on December 4, 1964. However, it did not reach the district court until January 18, 1965, and had never been verified. Order denying said petition for casemade was issued on February 4, 1965.

After several requests, this Court was furnished with copies of the judgment & sentence, information, etc. pertaining to this cause. An order directing said cause back to the trial court for an Evidentiary Hearing and return of findings of fact was issued by this Court on June 17, 1965. However, return was made of a previous hearing held on February 4, 1965, in which said casemade was denied for various reasons— one being that "the Court and the attorney appointed to represent the defendant cannot recall any reversible error that would warrant an appeal".

After consideration all things presented to this Court, our findings are as follows:

1. That the court-appointed counsel should have completed the record and made application for casemade at public expense at the time he gave notice of appeal, and received an extension of time to make and serve the casemade; and further, continued until such casemade was filed properly in this Court.

2. That there is some doubt regarding the procedure followed at the penitentiary in the mailing of petition for casemade at public expense, that has never been refuted by the State.

3. Both the trial courts and prison officials should be cooperative on the matter of perfecting appeals so as to avoid the charge of denial of equal protection of the law. Neither should ever become active participants in the denial of the right

to appeal, and thus, implements in denial of due process.

Now therefore, it is the order of this Court that the Honorable R. L. Hert, Judge of the District Court of Payne County, Oklahoma, shall forthwith appoint competent counsel to represent this petitioner in perfecting his appeal to this Court; and that the casemade in case No. 3075 be prepared at public expense, in accordance with Senate Bill No. 152, which became law on the 2nd day of June, 1965.

And further, that the Court Reporter shall have Thirty (30) days from the receipt of this order to prepare said casemade; that counsel appointed by the District Judge shall have Fifteen (15) days thereafter to prepare and file with this Court petition in error with said casemade attached. Said counsel shall have Thirty (30) days thereafter within which to submit brief in support of the petition in error, and the Attorney General shall have Thirty (30) days thereafter within which to file an answer brief.

The Clerk of this Court is directed to transmit a copy of this order to the Honorable R. L. Hert, District Judge of Payne County, Oklahoma, by mail at once.